# THE SCHER LAW FIRM, LLP

### 600 OLD COUNTRY ROAD, SUITE 440
### GARDEN CITY, NY 11530

MARTIN H. SCHER*

JONATHAN L. SCHER**

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL

MICHAEL SCHILLINGER
COUNSEL

ROLAND P. BRINT
COUNSEL

ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1959-2012)

* Also Admitted in District of Columbia

* Also Admitted in New Jersey

May 13, 2025

**BY ECF**
Hon. Lorna G. Schofield, U.S.D.J.
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:    Gomez v. Gastro Bar & Restaurant, Corp., *et al.*
>        Dkt. No.: 1:24-cv-02914-LGS

Dear Judge Schofield:

This law firm represents the Defendants in the above-referenced Action. This letter shall serve as the parties' joint letter to address the Plaintiff's expert report and the Defendants' request to depose the Plaintiff about what she discussed (or did not discuss) with the expert as described in his report.

### A.    Defendants' Position

During the Plaintiff's deposition, she testified that she has political asylum from Venezuela because the Maduro government was harassing her. *See,* **Exhibit 1**, a copy of the Plaintiff's deposition testimony, at page 20, line 17 through page 21, line 3. The Plaintiff further testified that she was seen by mental health professionals in the United States relating to her political asylum request three times per week, having stopped treatment two months before her deposition on January 9, 2025. *See,* **Exhibit 1**, at page 21, lines 4-18.

However, when the Plaintiff was interviewed by the Plaintiff's expert on March 14, 2025, just over two months after the deposition, and when the expert asked if the Plaintiff "had the benefit of mental health intervention, Ms. Gomez stated that she spoke with her primary care doctor about what happened after she left her position at Tryp. The physician recommended people with whom she could pursue help. Ms. Gomez stated that she contacted them and had not received a response back." **Exhibit 2**, a copy of the Plaintiff's expert report, at page 7.

This interaction with the Plaintiff's expert contradicts the Plaintiff's testimony during her testimony in this Action. The Plaintiff never discussed with the expert the fact that she treated with mental health professions three times a week up until four months before meeting with the

THE SCHER LAW FIRM, LLP

Hon. Lorna G. Schofield, U.S.D.J.
Southern District of New York
May 13, 2025
Page 3 of 3

---

### B.    Plaintiff's Position

Plaintiff's counsel disputes the Defendants' claims of new information in the expert report and has cited specific sections of the Plaintiff's deposition transcript to support their position. **Exhibit 3**, an email from Plaintiff's counsel to Defendants' counsel, rejecting the initial attempt by the Defendants to erroneously highlight purported inconsistencies in Plaintiff's testimony. Further, the alleged discrepancy concerning Plaintiff's mental health treatment, as highlighted by the Defendants, does not warrant the need for an additional deposition. As such, I kindly urge the Court to dismiss the Defendants' request for a second deposition of the Plaintiff.

*************

Thank you for your courtesies in this matter.

Respectfully submitted,

THE SCHER LAW FIRM, LLP

Austin Graff

ARG:ms
cc:    Attorneys of Record (by ECF)

Defendants' application to conduct an additional deposition of Plaintiff is **DENIED** for substantially the reasons stated by Plaintiff above. The requested deposition is not "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1).

By **May 23, 2025**, Defendants may serve an interrogatory on Plaintiff requesting information regarding the purported inconsistencies between her prior deposition testimony and expert report.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 43 and 44.

Dated: May 15, 2025
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE